T.C. Memo. 2012-112

UNITED STATES TAX COURT

KENNETH B. RINEHART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 30930-08, 13037-09.          Filed April 19, 2012.

Kenneth B. Rinehart, pro se.

<u>Gary C. Barton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  On September 25, 2008, respondent issued a notice of

deficiency to petitioner for taxable year 2003 determining a deficiency in income

tax, an addition to tax for failure to timely file under section 6651(a)(1),[1] and an accuracy-related penalty under section 6662 for a substantial understatement of income tax.  On March 2, 2009, respondent issued to petitioner a notice of deficiency for taxable years 2004 and 2005 determining deficiencies in income tax, additions to tax for failure to timely file under section 6651(a)(1), and accuracy-related penalties under section 6662 for substantial understatements of income tax. The issues for decision are:  (1) whether petitioner is liable for the deficiency in income tax for each taxable year at issue; (2) whether petitioner is liable for an addition to tax for failure to timely file for each taxable year at issue; and (3) whether petitioner is liable for an accuracy-related penalty for substantial understatement of income tax for each taxable year at issue.

FINDINGS OF FACT

Some facts have been stipulated, and the stipulated facts are incorporated into our findings by this reference.  Petitioner resided in Oklahoma at the time the petitions were filed.

----

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  These cases were consolidated for purposes of trial, briefing, and opinion.

In 1995 petitioner started his own heating and air conditioning business. Until 2001 the business was a sole proprietorship. In 2002 petitioner incorporated his business as an S corporation under the name of Unta Bent, Inc. (Unta Bent). Petitioner was the sole owner and only employee of Unta Bent, which does business as Rinehart Air Conditioning & Heating.

During the years at issue petitioner operated the business in an informal manner. He did not pay himself a salary; rather, he treated all of the Unta Bent funds as indistinguishable from his own funds. Petitioner issued invoices to customers from Rinehart Air Conditioning & Heating. Petitioner kept track of gross receipts and expenses in notebooks that he kept at his residence. For taxable year 2003 petitioner provided his tax return preparer with the notebook that listed income and business expenses, not the itemized invoices.

Petitioner untimely filed Federal income tax returns for taxable years 2003, 2004, and 2005. On September 25, 2008, respondent issued to petitioner a notice of deficiency for taxable year 2003. On March 2, 2009, respondent issued to petitioner a notice of deficiency for taxable years 2004 and 2005. Petitioner timely filed petitions with this Court for redetermination of his tax liabilities. In the petitions, petitioner alleged that the notices of deficiency had miscalculated his adjusted gross income and incorrectly disallowed itemized deductions.

At trial petitioner did not deny that he had received the income indicated on the notices of deficiency. He objected only to the audit team's disallowance of deductions as arbitrary and based on the audit team's lack of knowledge of his business. He testified that he did not feel that the audit team members treated him fairly. An example of this treatment was in regard to vehicle expenses. Petitioner stated, when discussing his experience with the audit team: "For an example, on the vehicle expenses, he says he didn't allow my fuel usage, because I didn't write the miles on the back of the ticket. Is that the law? Yes, that might be the law. But that is an example of the extreme applying of the law, in regards to one particular taxpayer."

The record reflects approximately 1,000 pages of invoices and receipts from petitioner that are not organized or indexed. Petitioner did not provide any explanation with the documents or specifically indicate which expenses he was entitled to deduct. An attached summary is similarly not indexed or explained, and it does not include any notation over how the amounts were treated during audit.

OPINION

The first issue for decision is whether petitioner is liable for a deficiency for each of the taxable years at issue. The taxpayer generally bears the burden of

proving that the Commissioner's determination set forth in a notice of deficiency is incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the taxpayer introduces credible evidence and meets other requirements with respect to a factual issue affecting the taxpayer's liability for tax, the Commissioner has the burden of proof with respect to the issue.  Sec. 7491(a)(1).  Petitioner concedes that he earned the income that led to the notices of deficiency and objects only to respondent's denial of deductions.

All deductions are a matter of legislative grace.  Taxpayers seeking deductions must be able to show that they come within the express provisions of the statute.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This burden requires the taxpayers to substantiate claimed deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayers' correct tax liabilities.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  Petitioner has failed to allege a specific deduction to which he is entitled, nor has he advanced a legal theory under which relief may be granted.  He has not provided any examples of deductions that respondent inappropriately disallowed.  Without specific allegations or examples of incorrectly disallowed deductions, petitioner does not meet his burden of

demonstrating that further deductions against income should be allowed.  Therefore, respondent's deficiency determinations are sustained.

Additions to Tax and Penalties

Section 7491(c) places the burden of production on the Commissioner with respect to the liability of any individual for any penalty, addition to tax, or additional amount.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  To meet the burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty.  Id.  The burden of proof remains on the taxpayer with respect to issues such as reasonable cause or substantial authority.  Id.

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month or fraction thereof for which there is a failure to file, not to exceed 25%.  A taxpayer may avoid this addition to tax if it can be shown (1) that the failure did not result from willful neglect and (2) that the failure was due to reasonable cause.  Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires that taxpayers demonstrate that they exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985).  Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Respondent has met the burden of producing evidence that petitioner did not timely file his returns. Petitioner does not deny that he failed to file his returns timely or provide any explanation for the untimely filings. Therefore, petitioner will be liable for an addition to tax for failure to file timely for each tax year.

Section 6662 imposes a penalty equal to 20% of any portion of an underpayment that is attributable to negligence or disregard of rules or regulations or substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c). It includes the failure to exercise due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with the respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c).

Respondent has met his burden of production relating to the penalties by showing that petitioner failed to maintain adequate books and records. Petitioner offers no arguments as to why his positions were reasonable or taken in good faith.

Accordingly, respondent's determinations are sustained as to the accuracy-related penalties for all three years.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties,

<u>Decisions will be entered</u>

<u>for respondent</u>.